# CIRCUIT COURT OF MADISON COUNTY

Kenneth Hurst
and Faye Hurst

v.

Soho Center for Arts
and Education, Inc.,
and George Beker

Case No. CL04-1928

BY JUDGE DANIEL R. BOUTON

June 29, 2005

*Rulings on Demurrer*

I have received the written arguments submitted by both parties in connection with the above referenced matter. Notwithstanding Mr. Gallalee's objection, I have reviewed all of the arguments submitted both by him and Mr. Sharman. I have also studied the authorities that were cited in the materials that have been filed. I set forth below the rulings of the court.

*Count I*

The plaintiffs concede that the claim set forth in this count pertains to the following statement, allegedly made by the Bekers: "We were shot at by them." It is therefore not necessary for the court to rule on whether any statements regarding a leak from the oil tank can be construed as defamatory. Whether any such statements would be relevant and admissible at trial is not an issue that needs to be addressed when analyzing a demurrer.

*Count II*

The court sustains with prejudice the demurrer to this count. The court is not persuaded that the claim of business defamation as pleaded in this count constitutes a separate cause of action. On this point, the court adopts as part of its reasoning the arguments set forth on pages one and two of Mr. Gallalee's memorandum of May 5th.

*Count III*

This count will be dismissed with prejudice for the reasons set forth on pages two and three of Mr. Gallalee's written arguments.

*Count IV*

This count will be dismissed with prejudice. This theory was not pleaded in the original motion for judgment. At the arguments that were conducted on the demurrer to the first motion for judgment, there was a reference to the doctrine of nuisance and there was a discussion of its arguable impact on the dispute between the parties. However, the count that is contained in the amended motion for judgment does not constitute an amendment to the original pleadings that were before the court; rather, this count amounts to a new theory of relief that is not consistent with the basis upon which the court granted the plaintiffs leave to amend the original pleadings. Moreover, the court also dismisses this count with prejudice for the reasons set forth on pages five through seven of Mr. Gallalee's memorandum.

*Count V*

This count will be dismissed with prejudice. Here, the court finds persuasive the reasoning of *Andrews v. Ring*, 266 Va. 311, 319, 585 S.E.2d 780 (2003). The Supreme Court of Virginia's discussion of the application of

§ 18.2-499 and § 18.2-500 leads the court to conclude that the factual allegations here do not fall within the purview of the statutes that are relied upon in support of the claim.

## Count VI

The demurrer will be sustained with prejudice with respect to any claims against George Beker and Jeanna Beker. The count will survive, however, with regard to the allegations against the Soho Center. Moreover, for purposes of clarification, all claims against the Soho Center are dismissed with prejudice with the exception of Count VI.

## Conclusion

The demurrer will be sustained as set forth in this letter ruling.

September 19, 2006

I am writing to advise you of the court's rulings on the disputed issues that remain in the above referenced case.

## The Motion to Dismiss with Prejudice

The court will grant the motion of the defendants and dismiss the amended motion for judgment with prejudice. The dismissal is justified for a number of reasons. First, prior to the hearing on the motion, the defendants filed a motion to stay any further proceedings in the case. In their motion, they actually request that the case be dismissed with prejudice. The plaintiffs disagree that they should be subject to any sanctions; however, they concede that the case should be concluded at this time. Furthermore, at oral argument on the motion, counsel for the plaintiffs confirmed that the litigation should come to an end. The court was advised by counsel for the plaintiffs that it "was not worth it" to go forward in light of the information that counsel had just acquired through the discovery process. Counsel explained that the information that was recently brought to his attention had completely changed his evaluation of the claims of his clients and his professional judgment as to whether the case should go to trial. Counsel's comments also suggested an obligation or an ethical duty to refrain from proceeding at this point based on the posture of the case. Finally, the court also finds persuasive *the arguments*

made by Mr. Gallalee regarding Rule 4:12 and § 8.01-271.1. His arguments are incorporated by reference as part of the court's rationale for granting the motion to dismiss the case with prejudice.

## The Motion for Sanctions

The court has carefully reviewed all of the materials that were submitted on this issue. It should noted that the history of this case has been lengthy, difficult, and contentious. It must also be stressed that, in reviewing the motion for sanctions, the court has used its common sense, its years of experience in the trial arena, and its diligence in striving to be fair and impartial to the litigants. The court gives full consideration to the importance of the circuit court as a forum for citizens to litigate their differences and their substantive legal disputes. The court has also taken into account the protection that must be accorded to citizens in deterring frivolous claims and in preserving the integrity of the adversarial trial process. In resolving and ruling on the motion, the court has applied the objective standard of reasonableness that governs the analysis under § 8.01-271.1 of the Code of Virginia. *Gilmore v. Finn*, 259 Va. 448, 527 S.E.2d 426 (2000).

In light of the above, the court finds that some of the factual assertions contained in the pleadings do not comply with the mandate of the statute. The discovery that has been conducted thus far supports this conclusion. It is not necessary for the court to address on an individual basis the eighteen reasons advanced by Mr. Gallalee at oral argument as to why sanctions should be imposed. Rather, the court finds that some of the pleaded facts that are relevant to the claims of the plaintiffs did not comply with the statute when the pleadings were filed. The claim against SoHo, the claim that the plaintiffs are managers of a business, the claim about the tenants, and the damage claims are pleaded facts that have little, if any, evidence to support them. In addition, the discovery process demonstrates that the assertions of Mr. Hurst regarding his employment status are both contradictory and misleading. Furthermore, the repeated and consistent identification by the plaintiffs of specific witnesses who would purportedly support their defamation claim also troubles the court. These individuals were identified in both the pleadings and the discovery responses of the plaintiffs. Any fair reading of the depositions that were taken of these individuals makes it clear that the plaintiffs had no basis for alleging that any of them would be in a position to provide evidence at trial to support their case.

In addressing whether any sanctions should be imposed based on the pleaded facts, it is also important to note that the court need not rule on whether any fraud has been committed, nor is it necessary for the court to

determine whether the Hursts have exhibited any subjective bad faith in their actions. Rather, under the statute, the court has the discretion to impose sanctions when it concludes that there has been a violation of the statutory provision that requires the pleadings, motions, and other papers of the case to be based on "knowledge, information, and belief, formed after reasonable inquiry," and that provides that any claims be "well grounded in fact. . . ." The court also has the discretion to act if it finds a breach of the provision stating that pleadings, motions, or papers not be "interposed for any improper purpose, such as to harass or cause the unnecessary delay or needless increase in the cost of litigation." As noted previously, the court's judgment on these issues must be based on an objective standard of reasonableness. Here, the court finds that the facts noted in the preceding paragraph were not formed after reasonable inquiry and are not well grounded in fact. The court also finds that in repeatedly naming persons to whom defamatory statements were allegedly made, the plaintiffs engaged in harassment, created some delay, and caused at least some unnecessary litigation expenses.

The sanctions that should be imposed rest within the discretion of the court. Here, the court is not persuaded that the amount suggested by the defendants should be awarded. In considering all of the circumstances of the case, the court finds that the plaintiffs should be required to reimburse the defendants in the amount of $10,000.00. This figure represents a portion of the expenses and legal fees that were incurred by the defendants in preparing to defend this suit. In arriving at the amount of the sanction, the court has taken into account that it has imposed the additional sanction of dismissing the case with prejudice.

The amount of the financial sanction awarded by the court will be reduced to a judgment against both plaintiffs until paid in full. The judgment will be joint and several against both of them. Upon entry of the judgment order, it will begin bearing interest at the judgment rate until paid in full.

A final, critical point must be stressed by the court. In dismissing the case with prejudice and in granting the motion for sanctions, the court rules exclusively against the plaintiffs. Nothing in this opinion letter or in any comment made by the court at any stage of the proceedings should be construed to suggest that the court believes that Mr. Sharman should in any way be accountable for the actions that led to the relief that has been awarded to the defendants under § 8.01-271.1. At all times, the court finds that Mr. Sharman has acted in good faith and that his representation of the Hursts was based on information supplied to him by them. The points that he stressed at oral argument on the motion for sanctions confirm the clear distinction that the court has drawn between Mr. Sharman's professionalism and the conduct of

his clients. The court's rulings are premised on the claims, statements, and actions that the court has attributed to the clients. Such rulings are thus adverse to the Hursts, not to Mr. Sharman.